## UNITED STATES DISTRICT AND BANKRUPTCY COURTS
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES W. HARRINGTON,** ) | |
| 23 Corin Way ) | |
| Stafford, VA 22554 ) | |
| ) | |
| **Plaintiff,** ) | Civil No. _____ |
| ) | |
| **v.** ) | |
| ) | |
| **HERBERT H. JACKSON, JR.,** ) | |
| **ACTING DIRECTOR,** ) | |
| **GOVERNMENT PUBLISHING OFFICE,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Plaintiff James W. Harrington alleges the following:

## NATURE OF THE ACTION

This is an action based on Plaintiff being subject to race-based and retaliatory hostile work environment harassment as well as retaliation for Plaintiff's prior engagement in protected activity by his employer, Defendant, U.S. Government Publishing Office ("GPO"), in violation of Title VII of The Civil Rights Act of 1964, as amended.

## JURISDICTION

1.  This Court has jurisdiction to entertain the claims pleaded herein pursuant to 29 U.S.C. § 621 *et seq*, 42 U.S.C § 2000e *et seq*, and 28 U.S.C. §§ 1331 and 1343 *et seq*.

2.  All conditions precedent required under Title VII (42 U.S.C. § 2000e *et seq*.) have been exhausted and/or performed by the Plaintiff prior to the filing of this complaint.

3. On November 26, 2018, Plaintiff, through counsel, received a decision from the U.S. Equal Employment Opportunity Commission's Office of Federal Operations. This decision contained notice of Plaintiff's right to file an action in the appropriate United States district court within 90 days. Plaintiff timely files this Complaint.

## VENUE

4. Venue is appropriate in the District of Columbia under 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff is a citizen of the United States of America.

6. During all times relevant in this case, Plaintiff was employed by Defendant with a duty station of 732 North Capitol Street, Northwest, Washington, District of Columbia 20401.

7. Plaintiff avers that a substantial part of the events or omissions giving rise to the claims alleged herein occurred in the District of Columbia.

8. Defendant is subject to this Court's personal jurisdiction with respect to the civil action in question.

## FACTUAL BACKGROUND

9. Plaintiff's race is Caucasian/White.

10. Since September 2, 2008, Plaintiff has been employed by Defendant within the Press Offset Section of the Press Division of GPO's Plant Operations, located in Washington, District of Columbia.

11. Since January 26, 2014, Plaintiff has held the position of Feeder Operator, Press Offset Section, Press Division, GPO's Plant Operations.

12. During all time relevant in this case, Plaintiff has been a bargaining unit member of the Washington Federal Printing Workers Union, Local 713-S.

13. On February 25, 2014, Plaintiff initiated an Equal Employment Opportunity ("EEO") complaint alleging that he believed he had been subject to unlawful discrimination by two of his upper-level managers -- Gregory Estep, Deputy Managing Director, GPO Plant Operations, and Melinda Ford, Assistant Manager, Press Division, GPO Plant Operations. Defendant identified Plaintiff's complaint case as "Agency Number 14-08."

14. At the time of Plaintiff's initiation of Agency Number 14-08, Mr. Estep served as Plaintiff's fifth-level supervisor.

15. On May 9, 2017, Plaintiff and Defendant executed a negotiated settlement agreement resolving Agency Number 14-08. Plaintiff does not challenge the validity of, or Defendant's compliance with this settlement agreement, in this Complaint.

16. Since August 10, 2014, Plaintiff has reported directly to Christopher Mitchell, Offset Press Section Supervisor. During all relevant times in this case, Mr. Mitchell served as Plaintiff's first-level supervisor.

17. Upon information and belief, Mr. Mitchell became aware that Plaintiff had engaged in prior EEO activity no later than November 10, 2015.

18. Upon information and belief, Mr. Mitchell became aware of Plaintiff's race no later than November 10, 2015.During all relevant times in the case, Michael Brynes, Foreperson, Offset Press Section, served as Plaintiff's second-level supervisor. Upon information and belief, Mr. Brynes became aware that Plaintiff had engaged in prior EEO activity no later than November 10, 2015.

19. Upon information and belief, Mr. Brynes became aware of Plaintiff's race no later than November 10, 2015.

20. During all relevant times in this case, Marsha McRae was the Assistant Manager, Press and Plate Division, and served as Plaintiff's third-level supervisor.

21. Upon information and belief, Ms. McRae became aware that Plaintiff had engaged in prior EEO activity no later than November 10, 2015.

22. Upon information and belief, Ms. McRae became aware of Plaintiff's race no later than November 10, 2015.

23. During all relevant times in this case, Gary Evans was the Manager of the Press and Plate Division, and served as Plaintiff's fourth-level supervisor.

24. Upon information and belief, Mr. Evans became aware that Plaintiff had engaged in prior EEO activity no later than November 10, 2015.

25. Upon information and belief, Mr. Evans became aware of Plaintiff's race no later than November 10, 2015.

26. During all times relevant in this case, Mr. Estep served as Plaintiff's fifth-level supervisor.

27. By no later than March 14, 2014, Mr. Estep became aware that Plaintiff had engaged in prior EEO activity.

28. Upon information and belief, Mr. Estep became aware of Plaintiff's race no later than March 14, 2014.

29. During all times relevant in this case, Timothy Burke, Quality Controller, Offset Press Section, Press Division, GPO Plant Operations, was a co-worker to Plaintiff.

30. During all times relevant in this case, Mr. Burke was a bargaining unit member of the United Food and Commercial Workers, Local 1C.

31. During all times relevant to this case, Mr. Burke and the Plaintiff reported to the same supervisory chain.

32. On November 10, 2015, Mr. Burke, entered the work area where Plaintiff was working and turned the feeder off of the six-color press that Plaintiff was using. Thereafter, Mr. Burke engaged in more threatening conduct toward Plaintiff. Plaintiff reported Mr. Burke's unwelcome conduct to Ms. McRae, in writing.

33. Upon information and belief, Ms. McRae informed Mr. Mitchell about Plaintiff's report of unwelcome conduct by Mr. Burke on November 10, 2015.

34. Plaintiff is unaware of Defendant taking any step to address the concerns he raised in his November 10, 2015, letter delivered to Ms. McRae.

35. On February 5, 2016, at the direction of Mr. Mitchell, Mr. Burke filed a report with the GPO Police asserting Plaintiff blocked his path in a GPO hallway on January 20, 2016, and that Plaintiff approached him in a threatening manner in a GPO restroom on January 29, 2016.

36. On February 8, 2016, GPO Police interviewed Plaintiff regarding Mr. Burke's allegations against him.

37. On February 8, 2016 Plaintiff submitted a statement form to GPO Police denying having had any contact with Mr. Burke after the November 10, 2015, incident.

38. On February 8, 2016, Mr. Mitchell issued Plaintiff a Recommendation for Corrective Action (GPO Form 2021) recommending the proposal of a seven-day suspension from work for Plaintiff's alleged altercations with Mr. Burke.

39. By letter dated March 16, 2016, Mr. Mitchell issued Plaintiff a Notice of Proposed Seven-Day Suspension.

40. On March 24, 2016, Plaintiff initiated an EEO precomplaint against Defendant. Defendant identified Plaintiff's complaint as "Agency Number 16-30."

41. On March 30, 2016, Plaintiff replied both in writing and orally to the Notice of Proposed Seven-Day Suspension.

42. No later than May 18, 2016, Kenna Ashley of Defendant's EEO office contacted Christopher Mitchell and Gary Evans in their capacities as named Alleged Discrimination Officials in Agency Number 16-30.

43. On June 9, 2016, Mr. Evans sustained the charges in the Notice of Proposed Seven-Day Suspension and mitigated the penalty to a four-day suspension from work.


## COUNT I: HOSTILE WORK ENVIRONMENT HARASSMENT BASED ON RACE

44. Plaintiff repeats and realleges each and every preceding allegation as is fully set herein.

45. Defendant's conduct against Plaintiff constitutes discrimination under 42 U.S.C. § 2000e, which makes it unlawful for an employer to discriminate against an employee based on his race.

46. There was a causal connection between Plaintiff's race and Defendant's hostile actions against the Plaintiff in the workplace.

47. The effect of the unlawful discriminatory employment practices and actions taken by Defendant as set forth in this Complaint was to adversely affect and alter the terms, conditions and privileges of Plaintiff's employment.

48. As a direct and proximate cause of the unlawful discriminatory employment practices and actions taken as set forth above, Plaintiff has suffered and continues to suffer harm, including but not limited to lost wages, pecuniary damages, and nonpecuniary damages.

## COUNT II: HOSTILE WORK ENVIRONMENT
## HARASSMENT BASED ON PRIOR EEO ACTIVITY

49. Plaintiff repeats and realleges each and every preceding allegation as is fully set herein.

50. Defendant's conduct against Plaintiff constitutes retaliation under 42 U.S.C. § 2000e, which makes unlawful for an employer to discriminate against an employee that opposes unlawful practices.

51. There was a causal connection between Plaintiff's prior EEO activity and Defendant's hostile actions against the Plaintiff in the workplace.

52. The effect of the unlawful discriminatory employment practices and actions taken by Defendant as set forth hereinabove in this Complaint was to adversely affect and alter the terms, conditions and privileges of Plaintiff's employment.

53. As a direct and proximate cause of the unlawful discriminatory employment practices and actions taken as set forth hereinabove above, Plaintiff has suffered and continues to suffer harm, including but not limited to lost wages, pecuniary damages, and nonpecuniary damages.

## COUNT III: RETALIATORY ENCOURAGEMENT
## OF AN EMPLOYEE TO FILE A POLICE COMPLAINT AGAINST PLAINTIFF

54. Plaintiff repeats and realleges each and every preceding allegation as is fully set herein.

55. Defendant's conduct against Plaintiff constitutes retaliation under 42 U.S.C. § 2000e, which makes unlawful for an employer to discriminate against an employee based on prior EEO activity.

56. There was a causal connection between Plaintiff's prior EEO activity and Defendant's encouragement of Mr. Burke to file a complaint against Plaintiff.

57. The effect of the unlawful discriminatory employment practices and actions taken by Defendant as set forth hereinabove in this Complaint was to adversely affect and alter the terms, conditions and privileges of Plaintiff's employment and to create a deterrent to engaging in protected EEO activity.

58. As a direct and proximate cause of the unlawful discriminatory employment practices and actions taken as set forth hereinabove above, Plaintiff has suffered and continues to suffer harm, including but not limited to lost wages, pecuniary damages, and nonpecuniary damages.

## COUNT IV: RETALITORY ISSUANCE OF A RECOMMENDATION FOR A NOTICE OF A SEVEN-DAY SUSPENSION

59. Plaintiff repeats and realleges each and every preceding allegation as is fully set herein.

60. Defendant's conduct against Plaintiff constitutes retaliation under 42 U.S.C. § 2000e, which makes unlawful for an employer to discriminate against an employee for their prior EEO activity.

61. There was a causal connection between Plaintiff's prior EEO activity and Defendant's issuance of a recommendation for a notice of seven-day suspension.

62. The effect of the unlawful discriminatory employment practices and actions taken by Defendant as set forth hereinabove in this Complaint was to adversely affect and alter the terms, conditions and privileges of Plaintiff's employment and to create a deterrent to engaging in protected EEO activity.

63. As a direct and proximate cause of the unlawful discriminatory employment practices and actions taken as set forth hereinabove above, Plaintiff has suffered and continues to suffer harm, including but not limited to lost wages, pecuniary damages, and nonpecuniary damages.

**COUNT V: RETALIATORY ISSUANCE OF A NOTICE OF PROPOSED SUSPENSION**

64. Plaintiff repeats and realleges each and every preceding allegation as is fully set herein.

65. Defendant's conduct against Plaintiff constitutes retaliation under 42 U.S.C. § 2000e, which makes it unlawful for an employer to discriminate against an employee for their prior EEO activity.

66. There was a causal connection between Plaintiff's prior EEO activity and Defendant's issuance of the notice of proposed suspension.

67. The effect of the unlawful discriminatory employment practices and actions taken by Defendant as set forth hereinabove in this Complaint was to adversely affect and alter the terms, conditions and privileges of Plaintiff's employment and to create a deterrent to engaging in protected EEO activity.

68. As a direct and proximate cause of the unlawful discriminatory employment practices and actions taken as set forth hereinabove above, Plaintiff has suffered and continues to suffer harm, including but not limited to lost wages, pecuniary damages, and nonpecuniary damages.

**COUNT VI: RETALIATORY ISSUANCE OF A FOUR-DAY SUSPENSION**

69. Plaintiff repeats and realleges each and every preceding allegation as is fully set herein.

70. Defendant's conduct against Plaintiff constitutes retaliation under 42 U.S.C. § 2000e, which makes unlawful for an employer to discriminate against an employee for prior EEO activity.

71. There was a causal connection between Plaintiff's prior EEO activity and Defendant's issuance of a four-day suspension.

72. The effect of the unlawful discriminatory employment practices and actions taken by Defendant as set forth hereinabove in this Complaint was to adversely affect and alter the terms,

conditions and privileges of Plaintiff's employment and to create a deterrent to engaging in protected EEO activity.

73. As a direct and proximate cause of the unlawful discriminatory employment practices and actions taken as set forth hereinabove above, Plaintiff has suffered and continues to suffer harm, including but not limited to lost wages, pecuniary damages, and nonpecuniary damages.

## RELIEF SOUGHT

To remedy the above-detailed claims of discrimination, Plaintiff requests that this Court order Defendant to provide the following relief:

1) Take appropriate corrective action to address the unlawful harassment of Plaintiff;

2) Revoke and rescind the February 8, 2016, Recommendation for Corrective Action (GPO Form 2021) issued to Plaintiff;

3) Revoke and rescind the March 16, 2016, Notice of Proposed Seven-Day Suspension;

4) Revoke and rescind the June 9, 2016, Decision on Proposed Suspension issued to Plaintiff;

5) Cleanse Plaintiff's Federal employment personnel files of all references to the February 8, 2016, Recommendation for Corrective Action, March 16, 2016, Notice of Proposed Seven-Day Suspension and June 9, 2016, Decision on Proposed Suspension issued to Plaintiff;

6) Provide Plaintiff back pay and benefits in connection with the revocation and rescission of the June 9, 2016, Decision on Proposed Suspension issued to Plaintiff;

7) Pay Plaintiff pecuniary damages resulting from the Defendant's unlawful conduct in an amount to be determined during trial;

8) Pay Plaintiff nonpecuniary damages in a proven amount not to exceed $300,000;

9) Pay Plaintiff's reasonable attorneys' fees and costs; and

10) Provide Plaintiff any other relief to which he is entitled under the law and facts of his case.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial.

February 25, 2019

/s/ Ricardo J.A. Pitts-Wiley
Ricardo J.A. Pitts-Wiley
DC Bar #: 982952
THE FEDERAL PRACTICE GROUP
1750 K Street, NW, Suite 900
Washington, DC 20006
(202) 862-4360 Telephone
(888) 899-6053 Facsimile
rpittswiley@fedpractice.com

*Counsel for Plaintiff*